Hibbard, P. J.
This is an action of contract brought under the (Small Claims procedure and submitted to this tribunal in the form of a report of a case stated, and under the provisions of Rule 16 of the Rules for Small Claims Procedure of the District Courts. This Rule 16 reads as follows:
“If any question of law .arises under this procedure which the Court is of the opinion requires review, it may submit the matter in the form of a report of a case stated to the Appellate Division. The report shall go on the next calendar of that Division, shall take precedence over other business, no briefs shall be re *160 quired and the order of the Appellate Division thereon shall not be appealable.”
The report is of the following tenor:
“The plaintiff sold to the defendant dyed furs for which the defendant agreed to pay the sum of Fifty (50) dollars. On a prior occasion the plaintiff sold to the defendant’s sister-in-law other furs; that the furs in said sales were the personal property of the plaintiff. That the plaintiff was not conducting or maintaining any place of business for the sale of furs; that the said furs were riot marked or labeled in any way.
1 ‘ The defendant contends that the plaintiff could not recover because the plaintiff had not conformed with the requirements of Chapter 94, Section 277-A, of the General Laws, as amended, and pleaded a violation of that statute in her answer.
“The Court found that the plaintiff was not a seller of furs coming within the description and intent of Chapter 94, Section 277-A, of the General Laws, as amended, however, at the request and with the consent of the attorneys and the parties in this case, this matter is hereby submitted for review, to the Appellate Division. ’ ’
We find no case in this Commonwealth in which there are comparable facts orf in which there has been a helpful decision. We resort therefore to pure reasoning. It seems to us clear that the purpose of the legislature was to establish certain salutary regulations with respect to the merchandising of. personal property specifically set forth in said chapter 94. It appears equally clear that the plaintiff was not a seller of furs, coming within the description and intent of said section 277-A. To hold otherwise would create a reductio ad absurdam. To police private sales would be impractical. The court correctly found that the plaintiff was not a seller of furs coming within said section 277-A. The report is ordered dismissed.